

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 24, 2018.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-51721-CAG |
| | § | |
| YVONNE A. SANCHEZ, | § | CHAPTER 7 |
|     Debtor. | § | |
| | | |
| YVONNE A. SANCHEZ, | § | |
|     Plaintiff, | § | ADVERSARY NO. 17-05110-CAG |
| | § | |
| v. | § | |
| | § | |
| | § | |
| WELLS FARGO, NA; | § | |
|     Defendant. | § | |

### ORDER DENYING PLAINTIFF'S MOTION TO EXTEND TIME
### TO FILE NOTICE OF APPEAL 21 DAYS (ECF NO. 36)

Before the Court is Plaintiff's Motion to Extend Time to File Notice of Appeal 21 Days (ECF No. 36) (the "Motion"). Upon consideration thereof, the Court finds that the Motion should be denied.

On June 28, 2018, the Court entered its Order Granting Defendant's Motion to Dismiss Plaintiff's Original Complaint (ECF No. 26) (the "Order Granting Defendant's Motion to

Dismiss"). On July 21, 2018, Plaintiff filed the Motion, seeking an extension to file Plaintiff's notice of appeal to August 3, 2018. Plaintiff did not file the Motion on an emergency or expedited basis.

In part, Federal Rule of Bankruptcy Procedure 8002 provides:

**(a)** **In General.**
(1) Fourteen-Day Period. Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.

. . .

**(d)** **Extending Time to Appeal.**
(1) When the Time May be Extended. Except as provided in subdivision (d)(2), the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:
(A) within the time prescribed by this rule; or
(B) within 21 days after that time, if the party shows excusable neglect.

Pursuant to Fed. R. Bankr. P. 8002(a)(1), the fourteen-day deadline for Plaintiff to file Plaintiff's notice of appeal was July 12, 2018. Once the fourteen-day period to file a notice of appeal expires, the Court may extend the time in which to file if a party shows that the failure to act was the result of excusable neglect. *See* Fed. R. Bankr. P. 8002(d)(1)(B). This Court looks to ***Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship***, 507 U.S. 380 (1993) for the Supreme Court's determination of what constitutes "excusable neglect." In ***Pioneer***, Supreme Court determined that "excusable neglect" is

> . . . at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

***Pioneer***, 507 U.S. at 395.

Here, Plaintiff filed the Motion on July 21, 2018—twenty-three days after the Court entered the Order Granting Defendant's Motion to Dismiss. As such, Plaintiff seeks an extension of time outside the fourteen-day period originally prescribed under Rule 8002(a)(1). Thus, the Court analyzes the relief requested in the Motion under Rule 8002(d)(1).[1]

Upon review, the Motion requests that this Court extend Plaintiff's deadline to file Plaintiff's notice of appeal to August 3, 2018, due to the busy schedule of Plaintiff's counsel. *See* ECF No. 36, at pp. 1–2. Specifically, Plaintiff's counsel states that Plaintiff "attempted to meet in [counsel's] office but was informed [counsel] was not present." ECF No. 36, at p. 2. Further, Plaintiff's counsel informs the Court of counsel's recent work schedule, detailing "[c]ounsel has been in 2 jury trial since rendition of judgment and not available on a regular basis." *Id.*

Plaintiff directs the Court to ***O'Brien v. Hartnett***, Adv. Proc. No. 11-05010, 2011 WL 6210625 (Bankr. W.D. Tex. Dec. 14, 2011), in support of Plaintiff's request for an extension of time to file Plaintiff's notice of appeal. *See* ECF No. 36, at p. 2. The Court notes that the ***O'Brien*** decision is entitled "Memorandum of Opinion on Objection to the Dischargeability of Debt" and is not instructive to the Court for authority on a motion to extend time to file notice of appeal.

Federal courts across the nation have held that the busy schedule of a party's counsel does not constitute excusable neglect under Fed. R. Bankr. P. 8002(d)(1)(B). *See, e.g.*, ***Pioneer***, 507 U.S. at 398 ("In assessing the culpability of respondents' counsel, we give little weight to the fact that counsel was experiencing upheaval in his law practice[.]"); ***Belfance v. Black River Petroleum, Inc. (In re Hess)***, 209 B.R. 79. 63 (6th Cir. BAP 1997)(stating that a lawyer's practice interfering with compliance with deadline is not "excusable neglect"); ***In re Laketown Wharf***

---

[1] Unless otherwise noted, all references to a "Rule" as used herein shall be to the Federal Rules of Bankruptcy Procedure.

3

*Mktg., Corp.*, 433 B.R. 419, 430 (Bankr. N.D. Fla. 2010)("The attorney knew the time for an appeal and knew that a Motion to Extend Time could have been filed in order to allow extra time to contact each client and discuss the appeal. However, the attorney chose to wait when she easily could have filed an extension within the 14 day appeals period. The decision to wait was not caused by neglect."); *In re Hillsborough Holdings Corp.*, 270 B.R. 306, 309–10 (Bankr. N.D. Fla. 2001)(finding "inattention of counsel because of preoccupation with other litigation" is not grounds for excusable neglect); *In re Mizisin*, 165 B.R. 834, 835 (Bankr. N.D. Ohio 1994)(providing that counsel's heavy workload does not constitute excusable neglect); *In re GF Furniture Sys., Inc.*, 127 B.R. 382, 383–84 (Bankr. N.D. Ohio 1991)(holding that a solo practitioner's focus on other litigation is not grounds for "excusable neglect"); *Matter of Morrow*, 564 F.2d 189, 190 (5th Cir. 1977)(stating that "counsel's workload does not permit a finding of excusable neglect"). Thus, Plaintiff fails to show excusable neglect as required by Fed. R. Bankr. P. 8002(d)(1)(B), and the Court must deny Plaintiff's Motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Extend Time to File Notice of Appeal 21 Days (ECF No. 36) is DENIED.

# # #